UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Miriam Sofer,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Enhanced Recovery Company, LLC,<br><br>Defendants. | Case No.: 7:21-cv-5915<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Miriam Sofer brings this Class Action Complaint by and through her attorneys against Defendants Enhanced Recovery Company, LLC ("ERC"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

1

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant ERC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o Corporation Service Company, 80 State Street, Albany, New York, 12207.

9. Upon information and belief, Defendant ERC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant ERC sent a collection letter;

    c. attempting to collect a consumer debt;

    d. that states a zero-balance for interest and/or fees;

    e. although the total balance actually includes interest and/or fees, whether that interest and/or fees accrued pre- or post- charge-off; and

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have

           any interests which might cause them not to vigorously pursue the instant class action lawsuit.

        e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to March 4, 2021, Plaintiff allegedly incurred an obligation to non-party Barclays Bank Delaware ("Barclays").

21. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically Barclays personal credit card and purchases.

22. The alleged Barclays obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. Barclays is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. According to Defendant's letter described below, Barclays placed Plaintiff's account with ERC for collection.

25. Defendant ERC collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<em>Violation - March 4, 2021 Collection Letter</em>

26. On or about March 4, 2021, Defendant ERC, sent Plaintiff a collection letter regarding the alleged debt, originally owed to Barclays.  See Letter attached as Exhibit A.

27. The collection letter states:

> **Original Creditor:** Barclays Bank Delaware
> **Original Balance:** $4,413.11
> **Interest Accrued:** $0.00
> **Non-interest Charges & Fees:** $0.00
> **Payments to Date:** $0.00

28. The letter lists the "Interest Accrued" as $0.00.

29. The letter lists the "Non-interest Charges & fees" as $0.00.

30. The letter then states that the "Original Balance" is $4,413.11.

31. However, these amounts are false or deceptive.

32. In fact, the alleged "Original Balance" includes interest or fees, or both.

33. This interest and/or fees were charged either before the account was charged off or after.

34. By the time a credit card account is sold, invariably there are interest or fees owed on the debt.

35. In addition, Plaintiff had previously received dunning letters and/or account statements regarding the underlying alleged debt that included interest in the total balance.

36. To state that the interest and fees balance are both $0.00 is therefore false, deceptive, misleading, and unfair.

37. Defendant was confused as to the correct balance and how much, if any, of that amount is attributable to interest or fees.

38. Moreover, the term "Original Balance" is also improper.

39. Original Balance implies that this is the amount of purchases that remain unpaid on the credit card.

40. However, the "Original Balance" stated in the Letter includes interest or fees or both, in addition to the unpaid amount of credit used.

41. It is therefore not the Original Balance but a modified or adjusted balance.

42. Defendant was therefore unable to evaluate her options of how to handle this debt.

43. Because of this, Defendant expended time, money, and effort in determining the proper course of action.

44. Plaintiff also disputes the amount of interest and/or fees charged on this alleged debt.

45. Plaintiff therefore disputes the total balance due as listed in the letter.

46. Because the existence of interest and fees was stated as zero but was in fact concealed and included in the total amount due, Plaintiff was confused as to which debt this referred and whether the amounts stated in the letter are incorrect or inconsistent with his personal knowledge.

47. Because of this, Plaintiff also suspected that the letter was fraudulent in whole or in part.

48. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

49. In addition, Defendant suffered emotional harm due to Defendant's improper acts.

50. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

53. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

54. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

55. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

56. Plaintiff repeats the above allegations as if set forth here.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendants violated said section by making false, deceptive, and misleading representations, as described above, in violation of §§ 1692e, 1692e (2), and 1692e (10).

60. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

61. Plaintiff repeats the above allegations as if set forth here.

62. Alteratively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

63. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

64. Defendants violated this section by unfairly stating that no interest was owed and by unfairly stating that no fees were owed, when in fact one or both were actually owed.

65. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

66. Plaintiff repeats the above allegations as if set forth here.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

68. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the consumer a written notice containing –…
>
> (1) the amount of the debt;

69. Defendant violated this section by improperly stating the amount of the debt and its component parts, as described above.

70. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Miriam Sofer, individually and on behalf of all others similarly situated, demands judgment from Defendants ERC as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 9, 2021         Respectfully submitted,

                **Stein Saks PLLC**

                <u>s/ Eliyahu Babad</u>
                By:  Eliyahu Babad, Esq.
                Bar No. EB2448
                One University Plaza, Suite 620
                Hackensack, NJ 07601
                Phone: (201) 282-6500 ext. 121
                Fax: (201) 282-6501
                EBabad@SteinSaksLegal.com

                *Attorneys for Plaintiff*